IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARSHALL PAPPERT,

      Plaintiff,

v.

BOROUGH OF BRIDGEVILLE OF
ALLEGHENY COUNTY,
PENNSYLVANIA; EDWARD
BOGATS, JR.; LORI COLLINS; AND
DONALD DOLDE,

      Defendants.

10cv1672
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

Before the Court is Defendants' collective Motion to Dismiss Plaintiff's Complaint. Plaintiff, Marshall Pappert, originally filed this Section 1983 action in the Court of Common Pleas of Allegheny County, but it was removed to this Court by Defendants on December 15, 2010. See doc. no. 1.

On December 22, 2010, Defendants filed the instant Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), primarily contending that this lawsuit is barred by the applicable two-year statute of limitations. See doc. no. 5. Defendants also contend that Plaintiff's allegations fail to describe any actionable violation of his First or Fourteenth Amendment rights. See doc. nos. 5 and 7. Finally, Defendants Edward Bogats, Jr., Lori Collins, and Donald Dolde, ("the Individual Defendants") argue that all claims brought against them were brought against them in their official capacities thereby entitling them to immunity. Id. Defendant, Borough Bridgeville of Allegheny County, Pennsylvania, ("Defendant Borough") contends that Plaintiff failed to plead the existence of a custom or a policy that would entitle him to recover against it. Id.

Plaintiff filed a response countering that he timely filed his federal and state claims and that he had substantively asserted valid causes of action. See doc. no. 8.

For reasons set forth more fully herein, Defendants' Motion to Dismiss will be granted; however, Plaintiff will be permitted to file an Amended Complaint as to certain claims.

## I. Standard of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Id. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.' " Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." PA Prison Soc. v. Cortes, 622 F.3d 215, 233 (3d Cir. 2010), citing Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009).

As explained succinctly by the United States Courts of Appeals for the Third Circuit:

> Pursuant to Ashcroft v. Iqbal, [citation omitted], district courts must conduct a two-part analysis when presented with a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009). "First, the factual and legal elements of a claim should be separated." Id. "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " Id. at 211 (quoting Iqbal, 129 S.Ct. at 1950).

Edwards v. A.H. Cornell and Son, Inc., 610 F.3d 217, 219 (3d Cir. 2010).

When determining whether a plaintiff has met the second part of the analysis and presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantiate that claim. For example, in Fowler, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." 578 F.3d at 212. The Court, while noting that the Complaint was "not as rich with detail as some might prefer," it the "how, when and where" provided by the plaintiff sufficient grounds to establish plausibility. Id. at 211-212.

The Court of Appeals in Guirguis v. Movers Specialty Services, Inc., 346 Fed.Appx. 774, 776 (3d Cir. 2009), a civil rights and Title VII case, affirmed a decision to dismiss a plaintiff's complaint because the plaintiff failed to plead facts explaining why he believed his national origin was the basis for the termination of his employment .

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), the district court should apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will

3

ultimately prevail on the merits. Id. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8. Generally speaking, a complaint that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. See Fowler and Guirguis, supra.

In the instant matter, because Defendants' primary argument is that Plaintiff's Complaint must be dismissed for failure to comply with the statute of limitations governing his various causes of action, this Court must also consider that "the statute of limitations . . . defense may be raised on a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (internal quotation omitted). Accord, West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 106 fn. 13 (3d Cir. 2010) (Although Federal Rule of Civil Procedure 8(c) suggests that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss . . . our cases recognize that a defendant may raise a limitations defense in a motion to dismiss). However, in order for a defendant to prevail, the plaintiff's tardiness in bringing the action must be apparent from the face of the complaint. Id.

"When the applicability of the statute of limitations is in dispute, there are usually factual questions as to when a plaintiff discovered or should have discovered the elements of [his] cause of action, and thus defendants bear a heavy burden in seeking to establish as a matter of law that the challenged claims are barred." Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 425 (3d Cir. 1999) (citation omitted). "If the complaint's

allegations, taken as true, allege facts sufficient to toll the statute of limitations, it must survive a motion to dismiss." Id.

It is on these standards that this Court has reviewed Defendants' Motion to Dismiss Plaintiff's Complaint.

## II. Background

Plaintiff has asserted the following facts which this Court accepts as true solely for the purpose of adjudicating the instant Motion to Dismiss.

At all times relevant, Plaintiff resided within a residentially-zoned portion of the Borough of Bridgeville. Doc. no. 1-1 at ¶10. In June of 2006, a cement plant, which was owned and operated by Silhol Builders and located adjacent to Plaintiff's street in an industrially-zoned portion of the Borough, began to emit large volumes of white dust. Id. at ¶¶11, 13. Plaintiff claims that these emissions continued for several months causing him to suffer medical symptoms, including, but not limited to, respiratory problems. Id. at ¶16.

During the first three months of 2007, the emissions abated. Id. at ¶18. However, in May of 2007, the emissions again increased as did truck traffic along Plaintiff's residential street. Id. Purportedly, the trucks, carrying sand and gravel to and from the cement plant, weighed in excess of 75,000 pounds and emitted large amounts of noise and dust. Id. at ¶19. In September of 2007, the American Lung Association and "G.A.S.P." issued a report finding that the Borough was not enforcing ordinances governing air and noise pollution. Id. at ¶20.

Plaintiff repeatedly complained to Borough officials about the dust and noise emissions emanating from the plant and, presumably, the truck traffic. Id. at ¶15, 18, 22. In late 2007, Plaintiff was diagnosed with permanent lung damage attributable to exposure to fly ash, cement

dust, and silicates emitted from the Silhol plant.  Id. at ¶23.  In August of 2009, Plaintiff's lung collapsed and in September of 2009, he underwent lung surgery.  Id. at ¶39.

On October 31, 2007, Plaintiff was charged with the crime of harassment under 18 Pa.C.S.A. § 2709(a)(3).  Id. at ¶24.  Plaintiff avers this was done to silence him with respect to his protests concerning Silhol's operations.  Id. at ¶25.  In addition, Plaintiff avers that Defendant Bogats, chief of police for the Borough, told Plaintiff he would be arrested if he went to the borough building to view the Borough's ordinances, and he waved his night stick at Plaintiff in public places.  Id. at ¶26.  Plaintiff also alleges that when he appeared before the magisterial district judge on the harassment charge, Defendants Bogats and Collins (the Borough Manager) provided false testimony.  Id. at ¶27.  The magisterial district judge found Plaintiff guilty, fined him $50.00, and Plaintiff appealed to the Court of Common Pleas of Allegheny County.  Id. at ¶¶29-30.  Plaintiff alleges that during the hearing before the Court of Common Pleas, Defendant Collins again supplied false testimony.  Id. at ¶31.  The Common Pleas Court Judge upheld the conviction of the magisterial district judge, increased the fine to $300.00 and prohibited Plaintiff from contacting Defendant Collins or face a jail sentence.  Id. at ¶32.[1]

Also in late 2007, early 2008, Plaintiff alleges that "Borough officials" enacted an ordinance which eliminated the weight limit on Plaintiff's residential street, thereby enabling the Silhol trucks to legally travel on the street.  Id. at ¶33.  Plaintiff claims that "Borough officials" failed to conduct a traffic impact study or hold a public hearing prior to passing this ordinance

---

[1] Plaintiff's Complaint alleges that in April of 2010, the Superior Court overturned Plaintiff's conviction "on the grounds that, in voicing his complaints to Borough Officials, he had been exercising his constitutionally-protected right to petition [the] government for the redress of grievances."  Id. at ¶41.  However, this Court takes judicial notice that on April 6, 2010, the Superior Court of Pennsylvania simply reversed the decision of the Court of Common Pleas without opinion.  Commonwealth v. Pappert, 998 A.2d 999 (Pa. Super. 2010)(table).  On a Motion to Dismiss, the Court may take judicial notice of another court's opinion – not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.  Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

thus violating "the standard procedures" for the approval of a conditional use or approval by special exception. Id. at ¶34.

Plaintiff alleges that "over time" the removal of the weight limit on his street and the increased truck traffic caused structural damage to his home, and an increase in the dust and noise which interfered with his use and enjoyment of his property. Id. at ¶36. Plaintiff claims he was "substantially limited in his ability to protest the[se] continuing problems" because he feared criminal prosecution. Id. at ¶37.

Based on these facts, Plaintiff asserted five causes of action: Count I raises a Section 1983 claim for malicious prosecution; Count II raises a First Amendment claim; Count III raises a state claim for malicious prosecution; Count IV raises an Equal Protection claim; and Count V avers a cause of action for state created danger. Each of Plaintiff's causes of action will be addressed below.

### III. Discussion

**A.     Count I – Section 1983 Claim for Malicious Prosecution**

**1.     Defendants' statute of limitations argument**

Claims brought under Section 1983 are subject to state statutes of limitations governing personal injury actions. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). In Pennsylvania, an action for malicious prosecution must be commenced within two years. 42 Pa.C.S.A. § 5524(1). The United States Court of Appeals for the Third Circuit has concluded that the two-year statute of limitations for malicious prosecution begins to run on the date the proceedings terminate in favor of the accused. Robinson v. County of Allegheny, no. 09- 4681, 2010 WL 5166321, *3 (3d Cir. 2010) (". . . a cause of action for malicious prosecution does not accrue until the criminal

proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"), citing Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).

Here, the Complaint alleges, and the Court has taken judicial notice of the fact, that the Superior Court reversed Plaintiff's conviction for malicious prosecution on April 6, 2010. Thus, Plaintiff's cause of action for malicious prosecution and for a Section 1983 cause of action for damages attributable to an unconstitutional conviction accrued on April 6, 2010. Thus, Plaintiff, who filed his Complaint on October 5, 2010, with the Court of Common Pleas of Allegheny County, timely filed his Section 1983 claim for malicious prosecution and is not barred from raising this claim on a statute of limitations basis.

### 2. Defendants' substantive argument

Defendants also contend that Plaintiff's Complaint fails to allege facts necessary to maintain a cause of action under Section 1983. Specifically, Defendants argue that: (1) Defendant Dolde should be dismissed because the Complaint fails to assert any allegations against him; (2) the remaining Individual Defendants should be dismissed because they were acting in their official capacities; (3) Plaintiff was not deprived of a liberty interest and he cannot establish that Defendants instigated the harassment charge without probable cause; and (4) all Defendants are entitled to immunity under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8541 *et seq*.

Section 1983 states in pertinent part that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

8

at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. In <u>Kneipp v. Tedder</u>, the United States Court of Appeals for the Third Circuit explained that "[s]ection 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws" and held that "[i]n order to establish a section 1983 claim, a plaintiff must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." <u>Kneipp</u>, 95 F.3d 1199, 1204 (3d Cir.1996) (internal quotes and citations omitted).

"Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right,' and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." <u>Hartman v. Moore</u>, 547 U.S. 250, 256, (2006) (internal citation omitted). Some official actions adverse to such a speaker might well be unexceptionable if taken on other grounds, but when nonretaliatory grounds are in fact insufficient to provoke the adverse consequences, we have held that retaliation is subject to recovery as the but-for cause of official action offending the Constitution. <u>Id.</u>

To prove malicious prosecution under Section 1983 when the claim is brought under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. <u>Johnson v. Knorr</u>, 477 F.3d 75, 82 (3d Cir. 2007). However, a constitutional malicious prosecution claim might be brought raising a First

9

Amendment claim and not implicate liberty issues. Id. at 82, fn.8. See also, Torres v. McLaughlin, 163 F.3d 169, 172 (3d Cir. 1998) ("We . . . believe that . . . a section 1983 claim may be based on a constitutional provision other than the Fourth Amendment. However, we note that Albright commands that claims governed by explicit constitutional text may not be grounded in substantive due process.").

Based upon the facts pled by Plaintiff in his Complaint, it is unclear whether Plaintiff has attempted to assert a claim for malicious prosecution under Section 1983 under the First Amendment, the Fourth Amendment, or both.[2]

As noted above, Plaintiff's Complaint avers, and this Court's review of the Pennsylvania Superior Court's judicial proceeding establishes, that the criminal proceeding for harassment resolved in Plaintiff's favor on April 6, 2010. Id. at ¶41. Thus, Plaintiff's Complaint adequately pleads facts which meet the first two elements of a prima facie case for malicious prosecution under Section 1983 implicating the First and/or Fourth Amendments.

However, with respect to the third element – i.e., Defendants initiated the proceeding without probable cause – this Court finds Plaintiff's Complaint lacking the requisite facts, which if established at trial, could entitle him to relief. See Twombly, 550 U.S. at 563 n.8. In addition, this Court finds the facts surrounding the fourth element – Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice – to be thin. More specifically, the facts as pled surrounding the fourth element do not explicitly provide the "why" component referenced Fowler and Guirguis. Finally, as noted above, to the extent that Plaintiff was attempting to assert

---

[2] The Complaint indicates that the Individual Defendants charged (and later prosecuted) Plaintiff for harassment, possibly implicating his Fourth Amendment rights. Doc. no. 1-1 at ¶¶24, 27-32. However, as noted by Defendants, the Complaint fails to assert any deprivation of a liberty interest belonging to Plaintiff. The Complaint also alleges that the Individual Defendants charged Plaintiff with harassment to silence his complaints about the cement plant and the effects of its operations thereby chilling Plaintiff's speech ¶¶25, 37, 45, 47. These allegations implicate Plaintiff's First Amendment rights.

a Section 1983 claim predicated upon a violation of his Fourth Amendment rights, there are no facts describing a deprivation of his liberty interest. Plaintiff will be permitted to amend his Complaint to clarify the nature of his Section 1983 malicious prosecution claim.

In addition, Plaintiff's Complaint contains no specific allegations against Defendant Dolde. See, *i.e.* doc. no. 1-1 at ¶¶24-25. Plaintiff's Complaint also states that the Individual Defendants are being sued in their official capacities (see doc. no. 1-1 at ¶25), but Plaintiff's Complaint implies two of the three Individual Defendants engaged in willful misconduct (see doc. no. 1-1 at ¶¶ 27 and 31), and further, Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss alludes to a potential pursuit of claims against the Individual Defendants in their personal capacities. Doc. No. 8 at p. 15. In light of these shortcomings, Plaintiff will be permitted to amend his Complaint to provide additional facts – to the extent they exist – in accordance with this Opinion to establish a legally cognizable Section 1983 malicious prosecution claim against the Individual Defendants.[3]

As to the Defendant Borough, Plaintiff's sole allegations against the Borough are predicated upon a respondeat superior theory. "When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) citing, Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). Thus, although the municipality may not be held liable for a constitutional tort under Section 1983 on the theory

---

[3] This Court also notes that Hafer v. Melo, 502 U.S. 21 (1991), and its progeny, provide the framework upon which individuals can be sued in their official and personal capacities. Given that both sides have made passing arguments as to whether the three Individual Defendants were and/or could be sued in either or both capacities, this Court respectfully directs that Plaintiff shore up his allegations in the amended version of his Complaint to more clearly establish whether he brings this Section 1983 claim against each of the Individual Defendants in their official or personal capacities.

of vicarious liability, it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom. Id. Based upon Monell and its progeny, Plaintiff will be permitted to amend his Complaint to the extent that there are facts which, if proven at trial, show the injury inflicted was permitted under the Borough's adopted "policy or custom" as defined by the Court of Appeals for the Third Circuit in Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir.1990).

Accordingly, Defendants' Motion to Dismiss Plaintiff's Section 1983 malicious prosecution claim will be granted, without prejudice. Plaintiff will be afforded an opportunity to amend his Complaint in accordance with this Opinion.

### B. Count III – State claim for malicious prosecution[4]

#### 1. Defendant Borough's argument

In Hernandez v. York County, 288 Fed.Appx. 781 (3d Cir. 2008), the Court of Appeals for the Third Circuit found that York County was immune from liability under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, and that an individually named defendant was immune under section 8545 of the Act "for any alleged damages on account of acts he took within the scope of his office or duties." 288 Fed. Appx. at 783. See also Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006) (PPSTCA gives local agencies broad tort immunity and municipal employees are generally immune from liability to the same extent as their employing agency, so long as the act committed was within the scope of the employee's employment);

---

[4] Defendants, in their brief, argue that Plaintiff's state claim for malicious prosecution was untimely filed. Like the Court of Appeals for the Third Circuit, Pennsylvania's Supreme Court has held actions for malicious prosecution do not accrue until the underlying action ends in the plaintiff's favor. Thus, for the same reasons set forth in subpart "A." of this Opinion, this Court finds that Plaintiff's state claim for malicious prosecution was timely filed. The remainder of this subsection addresses Defendants' substantive arguments supporting dismissal of this state claim.

Bright v. Westmoreland County, 443 F.3d 276 (3d Cir. 2006) (discussing the "broad immunity" given local agencies under § 8541 and the immunity of municipal employees under § 8545).

Plaintiff conceded in his Brief in Opposition to Defendants' Motion to Dismiss that a state cause of action for malicious prosecution cannot be pursued against Defendant Borough. Accordingly, based on the law and Plaintiff's own concession, the Defendants' Motion to Dismiss the state based malicious prosecution claim against Defendant Borough will be granted with prejudice.[5]

### 2. Individual Defendants' argument

With respect to the Individual Defendants, the current state of the Complaint indicates that two of the three Individual Defendants (namely, Defendants Bogats and Collins) acted in a personal capacity as well as an individual capacity. There are no factual averments pertaining solely to Defendant Dolde. The Complaint also contains averments suggesting all three individuals were acting in their official capacities. Therefore, this Court will grant Defendants' Motion to Dismiss without prejudice and reiterate its directive (above) that Plaintiff shore up his allegations in the amended version of his Complaint to more clearly aver the facts necessary to assert a legally cognizable cause of action against each of the Individual Defendants for a state-based claim of malicious prosecution.

### C. Count II – Section 1983 claim for violation of First Amendment; and Count IV – Section 1983 claim for violation of Fourteenth Amendment

Count II of Plaintiff's Complaint seeks relief under § 1983 for a violation of his First Amendment right to free speech. Count IV of Plaintiff's Complaint seeks relief under Section

---

[5] Given the state of the law on this matter, as to Defendant Borough, any amendment would be futile and thus, Defendants' Motion to Dismiss Defendant Borough on the state-based malicious prosecution claim will be granted with prejudice. See, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) (" . . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility.").

1983 for a violation of his Fourteenth Amendment right to equal protection.  Defendants moved to dismiss these claims again claiming they are time-barred.

Plaintiff asserts that these claims are not time-barred because of the claims' relationship to the malicious prosecution claim discussed, infra.  Simply put, Plaintiff argues that his cause of action under the First and Fourteenth Amendments did not accrue until April of 2010, when the Superior Court reversed his conviction for harassment and thereby starting the clock on his malicious prosecution claim.

Section 1983 claims are governed by the relevant state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir.1996).  In Pennsylvania, the statute of limitations for personal injury actions is two years and begins running when the cause of action accrues. 42 Pa. Cons.Stat. Ann. § 5524(2).  As noted above, the question as to when a section 1983 action accrues is, however, one of federal law. Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir.1991). Under federal law, the statute of limitations begins to run "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir.1998).

Plaintiff's Complaint indicates that Plaintiff repeatedly complained to Borough officials about the dust and noise emissions emanating from the plant and the truck traffic.  Doc no. 1-1 at ¶¶15, 18, 22.  On October 31, 2007, Plaintiff avers was charged with the crime of harassment to silence him with respect to his protests concerning Silhol's operations.  Id. at ¶¶24-25, 53-54.

Plaintiff also alleges in December of 2007, when he appeared before the magisterial district judge on the harassment charge, Defendants Bogats and Collins provided false testimony. Id. at ¶27.  Plaintiff was convicted and fined $50.00.  Id. at ¶29.  Plaintiff appealed his conviction

to the Court of Common Pleas of Allegheny County and he claims that on July 16, 2008, Defendant Collins again supplied false testimony. Id. at ¶¶30-31.

Based on these allegations, Plaintiff knew or should have known that his protected speech concerning the cement plant was being silenced as early as October 31, 2007, when he was charged with harassment, and at the latest, on July 16, 2008, when Defendant Collins allegedly provided false testimony for the second time purportedly to secure his criminal conviction. Similarly, during this same time period, Plaintiff knew or should have known he was being subjected to differential treatment (*i.e.* he was charged and prosecuted for harassment) by the Defendants due to his outspokenness with respect to the cement plant. Because all of these actions occurred more than two years prior to the date this lawsuit was first filed, October 5, 2010, Plaintiff is time-barred from asserting this cause of action.[6] Defendants' Motion to Dismiss Counts II and IV of Plaintiff's Complaint will therefore be granted with prejudice.

### D. Count V – Claim for State Created Danger

Like the arguments asserted by the parties as to Counts II and IV, Defendants argue Count III, Plaintiff's claim for state-created danger, is time-barred; and again, Plaintiff counters

---

[6] Plaintiff, in his Brief in Opposition to Defendants' Motion to Dismiss attempts to inextricably link his Section 1983 claim for violation of his First and Fourteenth Amendment rights to his Section 1983 claim for malicious prosecution, citing to cases like Doswell v. City of Pittsburgh, No. 07-0761, 2009 WL 1734199 (W.D.Pa. June 16, 2009) ("Doswell II") and Carpenter v. Dizio, 506 F.Supp. 1117(E.D.Pa. 1981), aff'd 673 F.2d 1298 (3d Cir. 1981) (mem.) in support of his position. This Court does not agree with his position and notes that in Doswell v. City of Pittsburgh, No. 07-0761, 2007 WL 2907886, *2 (W.D.Pa. Oct. 2, 2007) ("Doswell I"), Chief Judge Ambrose found that plaintiff's Fourth Amendment claims for false arrest or imprisonment were time-barred but not his claim for Section 1983 claim for malicious prosecution. The Court also notes in Carpenter the district court noted that "under Pennsylvania law, where the alleged causes of action are 'inextricably intertwined,' all claims flowing from a defendant's conduct may be subsumed under a single limitation period." 506 F.Supp. at 1121 (emphasis added). Here, it is evident from the facts pled, *i.e.* from the face of the Complaint, that Plaintiff believed that the harassment charge and subsequent prosecution were "trumped up" charges used to silence his speech concerning the cement plant. Vindication in the form of a court reversal – necessary to a Section 1983 malicious prosecution claim – is not a necessary element to a Section 1983 claim predicated upon a First or Fourteenth Amendment violation.

that this claim is not time-barred because of this claim's "relationship" to the malicious prosecution claim. As noted in subpart "C." above, this rationale is flawed.

To establish a state-created danger claim, the following essential elements must be met: "(1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006) (citations omitted).

Plaintiff's Complaint alleges in September of 2007, the American Lung Association and G.A.S.P. issued a report finding that the Borough was not enforcing ordinances governing air and noise pollution. Id. at ¶20. Plaintiff repeatedly complained to Borough officials about the dust and noise emissions emanating from the plant. Id. at ¶15, 18, 22. In late 2007, Plaintiff was diagnosed with permanent lung damage attributable to exposure to fly ash, cement dust, and silicates emitted from the Silhol plant. Id. at ¶23.

Using the two-year statute of limitations applicable to this claim, as of the end of 2007, Plaintiff knew his lung condition was attributable to the silicates emitting from the cement plant and he also knew that his protected speech concerning the cement plant was being silenced. In October of 2007 he was charged with harassment, and by July of 2008, Defendant Collins allegedly provided false testimony for the second time to secure his criminal conviction. Thus, Plaintiff knew that he had a state created danger claim prior to October of 2010 when he first

filed his Complaint and is therefore time-barred from raising this claim. Defendants' Motion to Dismiss Count V of Plaintiff's Complaint will be dismissed with prejudice.

## IV. Conclusion

Based on the foregoing law and authority, Defendants' Motion to Dismiss will be granted with prejudice as to Counts II, IV and V, and will be granted without prejudice as to Counts I and III. Plaintiff will be given the opportunity to file an Amended Complaint as to Counts I and III as described in detail above. An appropriate Order follows.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

17